UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marylynn Genaw, as Personal Representative
of the Estate of Harold Genaw,

    Plaintiff,

v.                                            Case No. 18-11931

Garage Equipment Supply, Inc.,             Sean F. Cox
                                                  United States District Court Judge

    Defendants.
_____/

## **OPINION AND ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

This is a product liability case. Plaintiff alleges that Defendant produced a faulty vehicle lift, which caused her husband's death. Defendant now moves for judgment on the pleadings. For the reasons below, the Court will grant Defendant's motion and dismiss this case.

## **BACKGROUND**

Harold Genaw purchased a "portable light-duty four-post vehicle lift," which was "sold, manufactured, and designed by" Defendant Garage Equipment Supply. Pl.'s First Amd. Compl. ¶ 10. On October 2, 2016, Harold and his son, Jason, attempted to drive a vehicle onto the lift. *Id*. at ¶ 11. Justin drove the vehicle and Harold stood next to the lift, directing his son. *Id*. As Justin drove the vehicle onto the lift, the life "violently and without warning slid across the garage floor and struck Harold Genaw in the back of the head causing him to fall to the cement floor, again striking his head." *Id*. at ¶ 12. Harold "sustained severe injuries, pain and suffering, emotional distress, shock to the nervous system, mental anguish, and eventual death." *Id*. at ¶ 13.

1

On August 27, 2018, Harold's wife, Marylynn Genaw, brought this action on behalf of his estate. The Complaint has five counts: (1) negligent production; (2) breach of implied warranty; (3) gross negligence/actual knowledge; (4) breach of express warranty; and (5) failure to warn. (ECF No. 11).

On April 24, 2019, Garage Equipment filed a motion for judgment on the pleadings, arguing that Genaw's Complaint lacks factual allegations sufficient to state any claims. (ECF No. 20). Genaw did not move to amend her complaint in light of this motion. Instead, Genaw responded, (ECF No. 22), and Garage Equipment replied. (ECF No. 23). The Court heard oral arguments on July 25, 2019. At the hearing, Genaw did not move to amend her complaint. In fact, to date, Genaw has not moved to amend her complaint.

## ANALYSIS

Plaintiffs bring this motion for judgment on the pleadings under Federal Rules of Civil Procedure 12(c). Rule 12(c) motions are adjudicated under the same standards as those under Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) ("[A] complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory.")

Rule 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. The Court must construe the complaint in the light most favorable to the plaintiff and accept its allegations as true. *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive a motion to dismiss, the complaint must offer sufficient factual allegations that make the asserted claims plausible on their face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions couched as factual allegations will not suffice. *Rondigo, LLC v.*

2

*Township of Richmond*, 641 F.3d 673, 670 (6th Cir. 2011). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## I. Count I (Negligent Production)

Manufacturers have a duty to use reasonable care to produce a product that is reasonably safe for its intended, anticipated, or reasonably foreseeable use. *Prentis v. Yale Mfg.*, 365 N.W.2d 176, 187 (Mich. 1985). To allege a claim for negligent production, Genaw must plead facts that show (1) the product was defectively manufactured; (2) the product reached the plaintiff in the same condition that it was in when it left the manufacturer; and (3) the defect proximately caused the plaintiff's injury. *Id*. at 186; *see also Abdulkarim v. Medtronic, Inc*., 2017 WL 6342628 at *1 (E.D. Mich. 2017). Garage Equipment argues that Genaw has not adequately pleaded either the first or third element.

### A. Defect

Genaw alleges three ways in which Garage Equipment negligently produced the lift:

16. Defendants negligently designed, tested, approved, manufactured, and "produced" the subject vehicle life in that it failed to exercise reasonable care to prevent the subject vehicle lift from creating an unreasonable risk of harm to a person who might reasonably be expected to use it in an expected or reasonably foreseeable manner in one or more of the following ways:

    a. by "producing," assembling, specifying, designing, and/or manufacturing a vehicle lift that contained manufacturing, installation, assembly, design and/or "production" defects that caused

3

> the vehicle lift to cause injury.
>
> b. By negligently failing to adequately test and failing to use adequate qualify control procedures to alert it to manufacturing and or "production" defects in the vehicle lift.
>
> c. Other acts of negligence that may become known through the course of discovery.

Compl. ¶ 16.

Garage Equipment argues that Genaw has "failed to allege a specific defect attributable to Garage Equipment Supply, nor has [Genaw] alleged any facts regarding the manufacturing or production of the product." Def.'s Br. 9. Genaw responds that a specific identification of the defect is unnecessary because "common lay people cannot possibly be expected to understand the manufacturing process of a product and identify exactly what went wrong." Pl.'s Res. 4. (citing *Holloway v. General Motors Corp.*, 403 Mich. 614, 626-27 (1978)).

The Court concludes that Genaw has not pleaded any factual allegations that show that the lift was defective. The factual allegations in Paragraphs 10-13 only show that the lift skidded across the floor when a vehicle was being driven onto it. Genaw provides no explanation for what caused the skidding, other than a vague reference to "negligent or grossly negligent acts and/or omissions of the Defendants." Compl. ¶ 13. Moreover, the "allegations" contained in Paragraph 16–and the rest of Complaint–are mere legal conclusions, which do not suffice for the purposes of this motion. *Rondigo*, 641 F.3d at 670. Although Genaw alleges the existence of "defects" (a legal conclusion), she does not even generally describe *how* the lift was defective (which would be factual allegations). *See Abdulkarim,* 2017 WL 6342628 at *2 (analyzing cases and concluding that some allegations

in the complaint stated specific defects and others did not).

Genaw cites several Michigan state cases for the position that she need not identify a specific defect. *See Holloway*, 403 Mich. at 626-27; *Snider v. Bob Thibodeau Ford*, 42 Mich.App. 708, 713 (1972); *Bronson v. J.L. Hudson Co.*, 376 Mich. 98, 102 (1965). Genaw is correct that she does not need to be an expert in vehicle-lift manufacturing to file a product liability lawsuit. But, to meet federal pleading requirements, she must give Garage Equipment fair notice of what her claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. Genaw's complaint leaves Garage Equipment–and the Court–to guess as to how she believes the lift was defective. Thus, she has not pleaded a plausible claim for negligent production.

**B.     Causation**

Even if Genaw had sufficiently pleaded that the lift was defective, her complaint still fails because she failed to plead any facts to establish causation. She only states that "[a]s the vehicle was being driven onto the subject lift, the subject lift violently and without warning slid across the garage floor and struck Harold Genaw..." Compl. ¶ 12. Although this allegation makes it *possible* that the skidding was caused by some defect, it does not make it *plausible*. *See Abdulkarim,* 2017 WL 6342628 at *3.

**C.     Conclusion**

Because Genaw has not pleaded facts that show that the lift was defective, or that a defect caused the injury, the Court will dismiss this claim.

**II.    Count II (Breach of Implied Warranty); Count III (Gross Negligence/Actual Knowledge); Count IV (Breach of Express Warranty)**

The Court's conclusion that Genaw has failed to plead sufficient facts to support her negligent production claim also dooms Counts II, III, and IV because they rely on similarly vague

5

and conclusory allegations of "defects." *See* Count II, Compl. ¶ 22 ("The defective condition of the subject vehicle lift constitutes a breach by Defendant of express or implied warranties, rendering them liable for the injuries sustained by the Plaintiff."); Count III, Compl. ¶ 25-26 ("The subject lift gate was defective at the time it was 'produced'" and "Defendants had actual knowledge of the defect and of the substantial likelihood that the defect(s) would cause Plaintiff injuries."); Count IV, Compl. ¶ 30 ("Defendants made representations and/or statements that the product was free from defect and/or fit for its intended purpose.").

## III. Count V (Failure to Warn)

To establish that a product is defective due to failure to warn, a plaintiff must demonstrate that the defendant: "(1) had actual or constructive knowledge of the alleged danger, (2) had no reason to believe that consumers would know of the danger, and (3) failed to exercise reasonable care to inform consumers of the danger." *Hollister v. Dayton Hudson Corp.*, 201 F.3d 731, 741 (6th Cir. 2000) (citing *Glittenberg v. Doughboy Recreational Indus.*, 441 Mich. 379, 491 N.W.2d 208, 216 (1992)).

In response to Garage Equipment's motion, Genaw argues that her "case rests upon the simple concept that a properly-assembled car lift should not skid across the floor while a car is being driven onto the lift." Pl.'s Res. 6. As to her failure-to-warn claim, Genaw argues that "[t]he fact that the lift skid under these circumstances makes it at least plausible that...Defendant did not warn or instruct Plaintiff to do something that would prevent the lift from skidding, *like anchoring the lift to the concrete floor.*" *Id.* (emphasis in original). Neither of these positions is supported by the Complaint's factual allegations.

The Court concludes that Genaw has failed to allege facts establishing that Garage

6

Equipment failed to exercise reasonable care to inform its customers of the alleged danger of skidding. Genaw's three-sentence failure-to-warn count does not offer any facts related to what warnings were given, what warnings should have been given, or why any suggested warnings would have been effective. Moreover, Genaw failed to plead any facts to establish that Garage Equipment had actual or constructive knowledge of the alleged danger. Accordingly, this claim must also be dismissed.

## CONCLUSION

For the reasons above, the Court **GRANTS** Defendant's motion for judgment on the pleadings. (ECF No. 20).

**IT IS SO ORDERED.**

                                                s/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: August 7, 2019