UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marylynn Genaw, as Personal Representative
of the Estate of Harold Genaw,

    Plaintiff,

v.                                      Case No. 18-11931

Garage Equipment Supply, Inc.,        Sean F. Cox
                                                      United States District Court Judge

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT, OR, IN THE ALTERNATIVE, FOR RELIEF FROM JUDGMENT AND FOR LEAVE TO AMEND COMPLAINT**

This is a product liability case. Plaintiff alleged that Defendant sold a faulty vehicle lift, which caused her husband's death. The Court previously granted Defendant's motion for judgment on the pleadings and dismissed this case with prejudice. Plaintiff now moves to reopen this case. Because the Court concludes that oral argument will not aid the decisional process, the Court will decide the motion on the parties' briefing. Local Rule 7.1(f)(2). For the reasons below, the Court will deny Plaintiff's motion.

## BACKGROUND

Harold Genaw purchased a "portable light-duty four-post vehicle lift," which was "sold, manufactured, and designed by" Defendant Garage Equipment Supply ("Defendant"). Pl.'s First Amd. Compl. ¶ 10. On October 2, 2016, Harold and his son, Jason, attempted to drive a vehicle onto the lift. *Id.* at ¶ 11. Justin drove the vehicle and Harold stood next to the lift, directing his son. *Id.* As Justin drove the vehicle onto the lift, the lift "violently and without warning slid across the

1

garage floor and struck Harold Genaw in the back of the head causing him to fall to the cement floor, again striking his head." *Id*. at ¶ 12. Harold "sustained severe injuries, pain and suffering, emotional distress, shock to the nervous system, mental anguish, and eventual death." *Id*. at ¶ 13.

On August 27, 2018, Harold's wife, Marylynn Genaw, ("Plaintiff") brought this action on behalf of his estate. The Complaint had five counts: (1) negligent production; (2) breach of implied warranty; (3) gross negligence/actual knowledge; (4) breach of express warranty; and (5) failure to warn. (ECF No. 11).

On April 24, 2019, Defendant filed a motion for judgment on the pleadings, arguing that Plaintiff's Complaint lacked factual allegations sufficient to state any claims. (ECF No. 20). Plaintiff did not move to amend her complaint in light of this motion. Instead, she responded, (ECF No. 22), and Defendant replied. (ECF No. 23). The Court heard oral arguments on July 25, 2019. At the hearing, Plaintiff did not move to amend her complaint. Nor did she move to amend her complaint after the hearing.

On August 7, 2019, the Court issued an opinion and order that granted Defendant's motion. (ECF No. 33). The Court concluded that Plaintiff's Complaint contained insufficient factual allegations to state any claim. The Court dismissed the case in its entirety. (ECF No. 34).

On August 9, 2019, Plaintiff moved to alter or amend the Court's judgment, or, in the alternative, for relief from judgment and for leave to amend her complaint. (ECF No. 35). Defendant filed a response in opposition. (ECF No. 38). Plaintiff did not file a reply.

**ANALYSIS**

Plaintiff seeks relief through a combination of three Rules of Civil Procedure: Rule 15 (which describes the circumstances in which a pleading may be amended); Rule 59(e) (which

governs a motion to amend or alter a judgment); and Rule 60(b)(6) (which allows the Court to relieve a party from a judgment for any "reason that justifies relief").

Generally, requests to amend a complaint should be "freely" granted. *Leisure Caviar, LLC v. U.S. Fish and Wildlife Service*, 616 F.3d 612, 615 (6th Cir. 2010). However, when such a request "comes *after* a judgment against the plaintiff, that is a different story." *Id*. (emphasis in original). "Courts in that setting must consider the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Id*. at 615-16 (quotations omitted). When, like here, a plaintiff seeks to amend a complaint after an adverse judgment, she cannot simply avail herself of Rule 15. Rather, she bears the "heavier burden" of meeting the requirements for reopening a case established by Rules 59 or 60. *Id*. at 616. And, the Court must be "particularly mindful of not only potential prejudice to the non-movant, but also the movant's explanation for failing to seek leave to amend prior to the entry of judgment." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002).

## I.      Rule 59

Under Rule 59, a court may alter the judgment based on: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir.2005). Plaintiff argues that the second and fourth instances apply here.

### A.      Newly Discovered Evidence

Plaintiff contends that she could not seek leave to amend her complaint before the Court issued its August 7, 2019 judgment because she did not receive the transcript from the deposition of Defendant's corporate representative until July 29, 2019. This testimony, Plaintiff claims, shows that "the exact type of lift [Harold Genaw] was using. . . was approved by the American Lift Institute

3

only as a surface mounted lift anchored to the floor." Pl.'s Br. 7. Plaintiff argues that this evidence supports her allegation that Defendant was negligent in not including a warning about this alleged anchoring requirement.

Plaintiff's excuse for not seeking leave to appeal earlier is wholly incredible. Plaintiff cites no portion of the representative's deposition that supports her contention that the lift was required to be anchored. Despite the lack of guidance from Plaintiff, the Court reviewed all of the representative's 85-page deposition transcript (a copy of which was provided by Defendant) and found no statement to support this assertion. In fact, the representative's testimony suggests the exact opposite. *See* O'Connell Dep. 44:18-46:15 (testifying that anchoring is "optional" for four-post lifts).

Moreover, the deposition took place on July 19, 2019, roughly a week before the hearing on Defendant's motion for judgment on the pleadings and roughly three weeks before the Court issued its judgment. Plaintiff's counsel conducted that deposition and was aware of the contents of the representative's testimony well before the Court entered its judgment. Evidence is not new just because it was reduced to a transcript. *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (observing that, to serve as a basis for altering or amending a judgment, newly discovered evidence "must have been previously unavailable"). And, even if the transcript was somehow necessary, Plaintiff still had it before the Court entered its judgment. In either event, this purported newly discovered evidence was actually readily available to Plaintiff before the Court entered its judgment. *See Zucker v. City of Farmington Hills*, 643 Fed.App'x 555, 567 (6th Cir. 2016) ("[I]t is 'well established' that Rule 59(e) relief is not warranted 'when [a motion] is premised on evidence that the party had in his control prior to the original entry of judgment.'") (quoting

4

*Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir.1989)). Accordingly, Plaintiff is not entitled to relief under Rule 59(e) because of newly discovered evidence.

### B. Manifest Injustice

Plaintiff argues that a manifest injustice would occur if she is not allowed to amend her complaint post-judgment. Manifest injustice is an "exceptionally narrow concept in the context of a Rule 59(e) motion." *Slate v. American Broadcasting Companies, Inc.*, 12 F.Supp.3d 30, 35 (D.D.C. 2013)."[M]anifest injustice does not exist where. . . a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Leidos, Inc., v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (quotations omitted).

Here, Plaintiff had ample opportunity to move to amend her complaint. Between the filing of the motion for judgment on the pleadings and the issuance of the Court's judgment, roughly three-and-a-half months passed. At any point during this time period, leave to amend would have been freely given. But Plaintiff instead waited to act until after an adverse judgment had been entered against her. Because of Plaintiff's pre-judgment inaction, the Court concludes that manifest injustice would not occur if its August 9, 2019 judgment is allowed to stand.

## II. Rule 60(b)(6)

Under Rule 60(b), the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for five enumerated reasons, or for "any other reason that justifies relief." Plaintiff does not invoke any of the five enumerated reasons and instead relies on the catch-all provision of Rule 60(b)(6).

"Though Rule 59(e) relief is rare, relief under Rule 60(b) is even more extraordinary." *Zucker*, 643 Fed.App'x at 562. "Rule 60(b)(6). . . permits courts to relieve a party from final

judgment only in 'unusual and extreme situations where principles of equity *mandate* relief." *Id*. (quoting *Olle v. Henry & Wright Corp*., 910 F.2d 357, 356 (6th Cir. 1990)). In determining whether extraordinary circumstances are present, a court may consider a wide range of factors, including "the risk of injustice to the parties." *Buck v. Davis*, 137 S.Ct. 759, 778 (2017).

Plaintiff argues that public's interest in the finality of judgments is least compelling at the pleading stage and that the interests of justice weigh heavily in Plaintiff's favor. Much of this argument mirrors Plaintiff's Rule 59 argument, and the Court reaches the same conclusion that it did there. *See* Section I.B. *supra*. Namely, Plaintiff had ample opportunity to move to amend her Complaint, but failed to do so until after the Court had entered judgment against her. The Court concludes that the principles of equities do not mandate relief under Rule 60(b)(6).

## CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's motion to alter or amend judgment or, in the alternative, for relief from judgment and for leave to amend her complaint. (ECF No. 20).

**IT IS SO ORDERED.**

                        s/Sean F. Cox
                        Sean F. Cox
                        United States District Judge

Dated: November 27, 2019