UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marylynn Genaw, as Personal Representative
of the Estate of Harold Genaw,

    Plaintiff,

v.                                                    Civil Case No. 18-11931

Garage Equipment Supply, Inc.,              Sean F. Cox
                                                             United States District Court Judge

    Defendant.

_____/

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO STRIKE**

This is a product liability case. The matter currently before the Court is Plaintiff's motion to strike Defendant's experts (ECF No. 65). The motions have been fully briefed, and hearing was held on May 12, 2022. For the reasons set forth below, the Court:

(1) **DENIES** Plaintiff's motion to strike (ECF No. 65); and

(2) **GRANTS** Plaintiff the opportunity for **limited extended discovery** to the extent that Plaintiff may take the depositions of Defendant's expert witnesses (Dragovic and Van Nooten) **no later than by June 24, 2022** to remedy Defendant's untimely written expert reports.

**PROCEDURAL HISTORY**

On June 19, 2018, Plaintiff Marylynn Genaw ("Genaw") initiated this action alleging that a vehicle lift manufactured by Defendant Garage Equipment Supply, Inc. ("Garage Equipment") was defective, and that the defect caused her husband, Harold Genaw ("Harold")'s death. (ECF

1

No. 1). On August 27, 2018, Genaw filed her Amended Complaint. (ECF No. 11). As such the pleading superseded and replaced the original complaint.

In the Amended Complaint, Genaw alleges the following claims against Garage Equipment: (1) negligent production (Count I); (2) breach of implied warranty (Count II); (3) gross negligence/actual knowledge (Count III); (4) breach of express warranty (Count IV); and (5) failure to warn (Count V). (ECF No. 11).

On April 24, 2019, Garage Equipment filed a motion for judgment on the pleadings. (ECF No. 20). On August 7, 2019, this Court issued an Opinion and Order granting Garage Equipment's motion for judgment on the pleadings and dismissed the case. (ECF No. 33, at PageID 184). On August 9, 2019, Genaw filed a motion to reopen the case (ECF No. 35), which the Court denied on November 27, 2019 (ECF No. 40).

On December 17, 2019, Genaw filed a notice of appeal with the Sixth Circuit. (ECF No 41). On April 13, 2021, the Sixth Circuit reversed the Court's order dismissing Genaw's complaint and remanded the case back to this Court. (ECF No. 43).

As such, the Court issued a new Scheduling Order that set the November 8, 2021 deadline for identification of all witnesses who may testify at trial, including expert witnesses. (ECF No. 48). The new Scheduling Order also set discovery to close on December 8, 2021. (ECF No. 48).

On November 16, 2021, the parties stipulated that the scheduled date for expert report disclosures was to be extended from November 8, 2021 to December 27, 2021 and that the parties may engage in discovery as to experts only through February 28, 2021. (ECF No. 52).

On February 18, 2022, Genaw filed her Motion to Strike Defendant's Experts for Non-Compliance with Federal Rules and this Court's Scheduling Order. (ECF No. 65). On March 7, 2022, Garage Equipment filed its Motion for Summary Judgement. (ECF No. 67).

On March 31, 2022, Garage Equipment filed its Supplemental Support in Response in Opposition to Plaintiff's Motion to Strike Defendant's Experts. (ECF No. 71). On April 4, 2022, Genaw filed her Motion to Strike Defendant's Supplemental Brief Filed Without Leave of Court in Support of its Response to Plaintiff's Motion to Strike Defendant's Experts for Non-Compliance. (ECF No. 72). On April 5, 2022, the Court struck Garage Equipment's Supplemental Brief because it was in violation of Local Rule 7.1(d) and denied Genaw's Motion to Strike Garage Equipment's Supplemental Brief as moot. (ECF No. 74).

## ANALYSIS

Genaw makes two separate arguments as to why the opinions of Garage Equipment's expert witnesses Ljubisa Jovan Dragovic, M.D., F.C.A.P., F.A.A.F.S. ("Dragovic") and Sebastian Van Nooten, P.ENG. ("Van Nooten") should be stricken. First, Genaw argues that they should be excluded under Federal Rule of Evidence 702. (ECF No. 65, at PageID 662-664). Second, Genaw argues that they should be stricken pursuant to Federal Rule of Civil Procedure 37(c)(1) for failure to comply with Federal Rule of Civil Procedure 26(a)(2). (ECF No. 65, at PageID 664-667).

### I. Federal Rule of Evidence 702

Rule 702 governs testimony of expert witnesses, and it states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence to determine a fact in issue;

3

> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. This Rule, which was amended in 2000, reflects the Supreme Court's decisions in *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579,113 S.Ct. 2786., 125 L.Ed2d 469 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). *See* FED. R. EVID. 702 advisory comm. note, 2000 amend. ("In *Daubert* the Court charged trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony, and the Court in *Kumho* clarified that this gatekeeper function applies to all expert testimony, not just testimony based in science.").

The Sixth Circuit has explained that a proposed expert's opinion is admissible under Rule 702, if the opinion satisfies three requirements:

> First, the witness must be qualified by 'knowledge, skill, experience, training, or education. Second, the testimony must be relevant, meaning that it 'will assist the trier of fact to understand the evidence or to determine a fact in issue.' Third, the testimony must be reliable.

*In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 528-529 (6th Cir. 2008) (quoting FED. R. EVID. 702). "The party offering the expert's testimony has the burden to prove by a preponderance of the evidence that the expert is qualified." *U.S. ex rel. Tenn. Valley Auth. v. 172 Acres of Land in Tennessee*, 821 F.3d 742, 749 (6th Cir. 2016). "Rejection of expert testimony is the exception, rather than the rule." *In re Scrap Metal*, 527 F.3d at 530. Accordingly, "Rule 702 should be broadly interpreted on the basis of whether the use of expert testimony will assist the trier of fact." *U.S. ex*

4

*rel. Tenn. Valley Auth.*, 821 F.3d at 749 (quoting *Morales v. Am. Honda Motor Co., Inc.*, 151 F.3d 500, 516 (6th Cir. 1998)).

Genaw argues that Dragovic and Van Nooten's opinions should be excluded under Rule 702 because they "cannot be analyzed, are unverifiable and cannot assist the trier of fact." (ECF No. 65, at PageID 662-664).

Genaw directs the Court to *U.S. ex rel. Tenn. Valley Auth.*, in which the Sixth Circuit addressed whether the district court acted within its discretion to exclude an expert's testimony based upon the witness's two-page expert report. 821 F.3d at 749-751. The Sixth Circuit analyzed the witness's report held that the support for the witness's "opinion was sufficiently sparse such that the court did not abuse its discretion in holding that the proposed expert testimony did not meet the standards of Rule 702[.]" *Id.* at 751. Genaw relies on *U.S. ex rel. Tenn. Valley Authority* to support their position that:

> Defendant's experts have no reports whatsoever . . . these opinions therefore cannot even be examined. There is no possible way to determine whether the expert's opinions should be admitted under FRE 702, as they have not even presented their opinion in a report, as required.

(ECF No. 65, at PageID 664).

However, since the time Genaw filed this motion, Garage Equipment has provided expert reports for Dragovic and Van Nooten. At the hearing, Genaw admitted that she had the expert reports. Therefore, Rule 702 is not the appropriate mechanism through which the Court should address this matter.

Therefore, the Court shall proceed to the more appropriate mechanism for the Court to address the untimely expert reports: Federal Rules of Civil Procedure 26(a)(2) and 37(c).

5

**II. Federal Rules of Civil Procedure 26(a)(2) and 37(c)**

Pursuant to Federal Rule of Civil Procedure 26(a)(2), a party must disclose to the other parties the identity of any witnesses it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705. The disclosure "must be accompanied by a written report - - prepared and signed by the witness - - if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." FED. R. CIV. P. 26(a)(2)(B).

The Rule identifies that the expert's written report shall contain: (1) a complete statement of all opinions to be expressed and the basis and reasons for them; (2) the data or other information considered by the witness in forming the opinions; (3) any exhibits to be used as a summary of or support for the opinions; (4) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; (5) the compensation to be paid for the study and testimony; and (6) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. FED. R. CIV. P. 26(a)(2)(B).

Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence of a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The Sixth Circuit has interpreted Rule 37(c)(1) to "require[] absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance v. United States*, No. 98-5488, 1999 WL

455435, at *3 (6th Cir. June 25, 1999)). The Sixth Circuit has stated that the burden is on the potentially sanctioned party – here, Garage Equipment – to prove harmlessness. *Id.*

"Harmless" has been interpreted to mean "an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) (quoting *Vance*, 182 F.3d 920, at *5). To assess whether a party's omitted or late disclosure is "substantially justified" or "harmless," the Sixth Circuit has adopted the following five-factor test: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.* at 747–48 (citing *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014) ).

Here, the Court notified the parties of Rule 26(a)(2)'s requirements and provided a deadline for their completion in the Scheduling Order issued in this case: "The deadline for identification of all witnesses who may testify at trial, including expert witnesses, is November 8, 2021. (Expert disclosure must be accompanied by a written report as required by FED. R. CIV. P. 26(a)(2), unless the parties stipulate otherwise, or by leave of the Court.)." (ECF No. 48, at PageID 478) (emphasis removed).

On November 16, 2021, the parties stipulated that the scheduled date for expert report disclosures was to be extended from November 8, 2021 to December 27, 2021 and that the parties may engage in discovery as to experts only through February 28, 2021. (ECF No. 52).

The basis of Genaw's motion is that Garage Equipment failed to comply with Rule 26(a)(2) by not providing reports for Dragovic and Van Nooten with its witness disclosures. (ECF No. 65,

at PageID 665-666). Therefore, Genaw argues that Dragovic and Van Nooten's opinions should be stricken pursuant to Rule 37(c)(1) for failure to comply with Rule 26(a)(2). (ECF No. 65, at PageID 664-667).

Garage Equipment argues that any failure to provide information was inadvertent and harmless. Garage Equipment stated that it "relied upon Plaintiff counsel's statements at deposition and via telephone that he was in receipt of Van Nooten's full file" and "Plaintiff's own expert's dilatory conduct delayed Dr. Dragovic's ability to produce a full report and opinion." (ECF No. 66, at PageID 760-761).

After Genaw filed this motion, in late March 2022, Garage Equipment provided Genaw Dragovic and Van Nooten's expert reports – three months after the December 27, 2021 deadline set by the Court's Scheduling Order.

Applying the Sixth Circuit's five-factor test here, the Court finds that the Garage Equipment's violation of Rule 26(a)(2) is harmless and can be cured by allowing Genaw limited extended discovery as further explained below.

First, the Court assesses the surprise to the party against whom the evidence would be offered. *Howe*, 801, F.3d at 747. Here, there is no surprise as to the identity of Garage Equipment's expert witnesses. Since the time Genaw filed the motion, Garage Equipment has provided the expert reports, so there is no longer a surprise to the contents of the report.

Second, the Court considers the ability to cure this surprise. *Howe*, 801, F.3d at 747. As to this factor, Garage Equipment argues that "the surprise will be cured prior to any hearing on this matter." (ECF No. 66). Presumably to this effect, on March 31, 2022, Garage Equipment filed a supplemental brief – without seeking permission from the Court – which attached Van Nooten and

8

Dragovic's expert reports. (ECF No. 71). The supplemental brief stated that these reports were "already provided to Plaintiff counsel in their entirety on March 30, 2022 and March 23, 2022 respectively." (ECF No. 71). On April 5, 2022, the Court struck Garage Equipment's Supplemental Brief because it was in violation of Local Rule 7.1(d). At the hearing, Genaw argued that these untimely reports are insufficient to cure the surprise because discovery as to the experts closed on February 28, 2021, and Rule 26(b)(4)(A) states that if an expert report is required, the deposition of that expert "may be conducted only after the report is provided." FED. R. CIV. P. 26(b)(4)(A). Genaw argued that she was unable to take Dragovic and Van Nooten's depositions because of Rule 26(b)(4)(A). The Court finds that it can cure the surprise by allowing Genaw to take Dragovic and Van Nooten's depositions now that she has the reports. Therefore, the Court grants Genaw limited extended discovery to the extent that Genaw may conduct depositions of Dragovic and Van Nooten.

Third, the Court evaluates the extent to which allowing the proposed evidence would disrupt trial. *Howe*, 801, F.3d at 747. Here, granting Genaw the opportunity to conduct two depositions should not delay trial. No specific trial date has been set, but the case is on a trailing trial docket set for approximately July or August 2022. In order to keep the case on schedule, the parties shall have until June 24, 2022 to conduct the depositions.

Fourth, the Court reviews the importance of the evidence. *Howe*, 801, F.3d at 747. Garage Equipment states that "the evidence is of manifest importance with regard to both experts." (ECF No. 66, at PageID 762). Garage Equipment does not go into greater detail as to their importance, but presumably, the testimony of Garage Equipment's only two experts in a trial regarding product liability would be extremely important to their case. Specifically, Van Nooten is expected to

9

"provide his opinions regarding posted warnings, design, cause of impact, and comparative fault of Mr. Genaw and members of his Estate." (ECF No. 65-2).

Fifth and finally, the Court examines Garage Equipment's explanation for its failure to timely disclose the evidence. *Howe*, 801, F.3d at 747. Garage Equipment states that "Dr. Dragovic's rebuttal report has been delayed through Plaintiff's expert's failures and Mr. van Nooten's report included areas of testimony and his full file was thought to be provided." (ECF No. 66, at PageID 762).

First, the Court will examine Garage Equipment's argument as to Dragovic's report. Garage Equipment states that Dragovic is a rebuttal witness to Dr. Werner Spitz ("Spitz"). In Garage Equipment's disclosure to Genaw, Garage Equipment stated that:

> Dr. Dragovic report will be a rebuttal to Dr. Werner Spitz's opinions in his private autopsy, deposition testimony, and any reports he may prepare since he was retained by Plaintiff counsel on or about December 10, 2021. His opinions are expected to examine Mr. Genaw's pre-existing health conditions, including total disability and end-stage renal failure, and the impact on Mr. Genaw's natural cause of death.

(ECF No. 65-2). According to Garage Equipment, Spitz did not provide "the re-cut of his slides, which were necessary in order for Dr. Dragovic to provide his report." (ECF No. 66, at PageID 756). According to Garage Equipment, Spitz finally made the re-cut of the slides available to Garage Equipment on February 28, 2022. (ECF No. 66, at PageID 756-757). Garage Equipment provided Dragovic the re-cut of the slides the following day, February 29, 2022. (ECF No. 66, at PageID 757). Thus, Dragovic did not have the required materials from Spitz until two months after the deadline for expert disclosures.

Garage Equipment argues that because the Court's scheduling order did not specifically provide a deadline for rebuttal disclosures, the deadline identified in Rule 26(a)(2)(D)(ii) applies

to Dragovic's disclosure because he is a rebuttal witness. Rule 26(a)(2)(D)(ii) states that "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), [the disclosure must be made] within 30 days after the other party's disclosure." FED. R. CIV. P. 26(a)(2)(D)(ii). Garage Equipment argues that Dragovic's disclosure met this 30-day deadline. However, this argument does not aid Garage Equipment, because it does change the requirement that the disclosure needed a written report, which it did not contain.

Second, the Court will examine Garage Equipment's argument as to Van Nooten. In Garage Equipment's disclosure to Genaw, Garage Equipment stated that:

> Mr. Van Nooten has not authored any report. It is anticipated that Mr. Van Nooten will provide his opinions regarding posted warnings, design, cause of impact, and comparative fault of Mr. Genaw and Members of his Estate.

(ECF No. 65-2). Garage Equipment does not provide a reason why Van Nooten did not produce a report for this case. Rather, Garage Equipment merely states that in light of Genaw's motion, Van Nooten is in the process of drafting a report (ECF No. 66, at PageID 755), which was then provided to the Court and Genaw prior to the hearing.

In sum, Garage Equipment violated Rule 26(a)(2) by not providing Dragovic and Van Nooten's written expert reports with the disclosures by the December 27, 2021 deadline. However, the Court finds that this violation was harmless and can be remedied by granting Genaw limited extended discovery to the extent that Genaw may take the depositions of Dragovic and Van Nooten prior to June 24, 2022.

## CONCLUSION

For the reasons explained above, the Court **ORDERS** that:

(1) Genaw's motion to strike (ECF No. 65) is **DENIED;** and

(2) Genaw is granted the opportunity for limited extended discovery to the extent that Genaw may take the depositions of Garage Equipment's expert witnesses (Dragovic and Van Nooten) **no later than by June 24, 2022** to remedy the untimeliness of their written reports.

**IT IS SO ORDERED.**

Dated:  May 27, 2022

s/Sean F. Cox
Sean F. Cox
U. S. District Judge